UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEFFREY L. CAMPBELL,

        Petitioner,

v.

HAROLD CLARKE,

        Respondent.

Case No.  C05-5611RBL

ORDER DIRECTING
PETITIONER TO SHOW CAUSE

The Court, having reviewed the petition filed in this case, does hereby find and ORDER:

(1) The Court will **not** order a response to the petition because (i) petitioner has filed the required $5.00 filing fee or filed an application to proceed *in forma pauperis*, and (ii) the petition does not indicate that petitioner's grounds for federal relief have been properly exhausted in state court.  More specifically, the petition does not show that his claims for federal relief have been presented to the Washington State Supreme Court.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent. 28 U.S.C. § 2254(b)(3).  A waiver of exhaustion, thus, may not be implied or inferred.  A petition can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), *cert. denied*, 478 U.S. 1021 (1986).  Full and fair presentation of claims to the state court requires "full factual development" of the claims in

ORDER
Page - 1

1  that forum.  Kenney v. Tamayo-Reyes, 504 U.S. 1, 8 (1992).

2  (2)   Petitioner is directed to show cause by **October 25, 2005,** why the petition should not be
3  dismissed for lack of prosecution and lack of exhaustion.

4  (3)   The Clerk is directed to send copies of this Order and the General Order to petitioner.

5  DATED this 29th day of September, 2005.

                          /s/ J. Kelley Arnold
                          J. Kelley Arnold
                          United States Magistrate