UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEFFREY L. CAMPBELL,

        Petitioner,

     v.

HAROLD CLARKE,

        Respondent.

Case No. C05-5611RBL

ORDER DIRECTING
PETITIONER TO SHOW CAUSE

The Court, having reviewed the petition filed in this case, does hereby find and ORDER:

(1)    The Court will **not** order a response to the petition because (i) petitioner has filed the required $5.00 filing fee or filed an application to proceed *in forma pauperis*, and (ii) the petition does not indicate that petitioner's grounds for federal relief have been properly exhausted in state court. More specifically, the petition does <u>not</u> show that his claims for federal relief have been presented to the Washington State Supreme Court.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petition can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1086 (9th Cir.), *cert. denied*, 478 U.S. 1021 (1986). Full and fair presentation of claims to the state court requires "full factual development" of the claims in

ORDER
Page - 1

1  that forum. <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1, 8 (1992).

2      (2)    Petitioner is directed to show cause by **October 25, 2005,** why the petition should not be
3  dismissed for lack of prosecution and lack of exhaustion.

4      (3)    The Clerk is directed to send copies of this Order and the General Order to petitioner.

5  DATED this 29th day of September, 2005.

7          /s/ J. Kelley Arnold
        J. Kelley Arnold
8          United States Magistrate