UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEFFREY L. CAMPBELL,

    Petitioner,

v.

HAROLD CLARKE,

    Respondent.

Case No.  C05-5611RBL

REPORT AND RECOMMENDATION

**NOTED FOR:
December 9th, 2005**

This habeas corpus action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrates' Rules MJR 3 and MJR 4. Petitioner filed this action under 28 U.S.C. § 2254.

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner was ordered to show cause why this petition should not be dismissed as it does not appear petitioner has exhausted the issues raised in the petition. (Dkt. # 4).  Petitioner did not respond to the courts' order.  The court recommends this petition be **DISMISSED WITHOUT PREJUDICE** as unexhausted.

FACTS

Petitioner challenges his confinement in an out of state facility and attempts to remove an

REPORT AND RECOMMENDATION
Page - 1

action from state court because the "defendants" have not answered. (Dkt. # 1 and supporting documents). From the documents filed it appears petitioner is challenging the legality of his confinement. An order to show cause was entered as there is nothing in the record to show any issue has been exhausted. (Dkt. # 4). Indeed, the file shows the action being removed from the state superior court. (Dkt. # 1). Petitioner did not respond to the court's order.

## DISCUSSION

Exhaustion of State Remedies.

In order to satisfy the exhaustion requirement, petitioner's claims must have been fairly presented to the state's highest court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). Petitioner does not appear to have presented any claim to the states highest court and seeks to remove this action from the superior court. Petitioner did not respond to the court order to show cause.

## CONCLUSION

This petition appears unexhausted and petitioner did not respond to an order to show cause. Accordingly, the petition should be **DISMISSED WITHOUT PREJUDICE.** A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **December 9th, 2005**, as noted in the caption.

Dated this 15th day of November, 2005.

/S/ J. Kelley Arnold
J. Kelley Arnold
United States Magistrate Judge